CLERKS COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
AT ALBUQUERQUE NM
FEB 5 1999
ROBERT M. MARCH
CLERK

GREGORY K. NORVILLE,

    Plaintiff,

v.    No. CIV-98-1086 JC/JHG

TOM CLARK,
FRANK STEELE,
JOE ALVAREZ,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6), to review Plaintiff's original and supplemental civil rights complaints (together the "complaint"). Plaintiff is incarcerated, appears pro se, and has filed three motions for leave to proceed in forma pauperis ("IFP"). Even though IFP status has not been granted by the Court or summonses issued by the Clerk, Defendants have answered the complaint. Plaintiff's IFP motions will be granted, and, for the reasons below, his claims against Defendant Clark will be dismissed as frivolous.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v.*

18

*Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Clark, an assistant district attorney, violated a number of Plaintiff's rights during the prosecution of criminal proceedings against him. He further alleges that while he was in custody at the Dona Ana County Detention Center, he suffered serious injuries from a number of physical assaults, including at least one by Defendant Alvarez. These attacks occurred because Defendants Steele and Alvarez failed to safeguard Plaintiff's well-being. The complaint seeks damages.

In his answer, Defendant Clark correctly asserts as an affirmative defense that he is immune to Plaintiff's action. In *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." Plaintiff does not allege conduct beyond preparing for and prosecuting judicial proceedings, *see Gagan v. Norton*, 35 F.3d 1473, 1475 (10th Cir. 1994) (determination of prosecutorial immunity is based on distance of alleged conduct from judicial process), and thus his claims against Defendant Clark are frivolous. These claims will be dismissed.

Judgment will be entered in favor of Defendant Clark on Plaintiff's claims. Because Defendant Clark is no longer a named party, dismissal of claims against him is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Sears,*

*Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956), *quoted in Wheeler Mach. Co. v. Mountain States Mineral Enter., Inc.*, 696 F.2d 787, 789 (10th Cir. 1983). The Court therefore expressly determines that there is no just reason for delay of entry of judgment on the order of dismissal, and will direct entry of final judgment in favor of Defendant Clark on Plaintiff's claims. Fed.R.Civ.P. 54(b).

IT IS THEREFORE ORDERED that Plaintiff's applications to proceed in forma pauperis (Doc. #2, 8, & 9) filed September 9 and 17 and October 14, 1998, are GRANTED, and the initial partial payment is WAIVED; Plaintiff is reminded that he is required to pay the full amount of the filing fee in monthly payments of twenty per cent (20%) of the preceding month's income credited to his account or show cause why he has no assets and no means by which to pay the designated filing fee; the Clerk shall provide Plaintiff with two copies of the post-filing financial certificate; failure to submit the designated monthly payments to the Clerk by the designated deadlines may result in dismissal of the complaint without prejudice without further notice;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendant Clark are DISMISSED, and it is EXPRESSLY DIRECTED that judgment be entered in favor of Defendant Clark; a form of judgment shall be entered in accordance with this opinion.

John Edward Conway
UNITED STATES DISTRICT JUDGE