# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**GREGORY K. NORVILLE,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　**No. CIV 98-1086 JC/JHG**

**FRANK STEELE and**
**JOE ALVAREZ,**

    **Defendants.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendants' Motion for Summary Judgment, filed August 11, 1999, and fully briefed on December 8, 1999. On September 14, 1998, Chief Judge John E. Conway referred this matter to this Court to submit proposed findings of fact and recommendation for disposition of this motion pursuant to 28 U.S.C. § 636(b)(1)(C). Having considered the arguments, pleadings, relevant law, and being otherwise fully informed, the Court finds the motion to be well taken and recommends it be GRANTED.

## I. Background

On September 11, 1998, Norville, a *pro se* litigant, filed his original civil rights complaint against Defendant Clark pursuant to 42 U.S.C. §1983. On September 17, 1998, Norville filed his supplemental civil rights complaint against Defendants Steele and Alvarez. On February 5, 1999, Chief Judge John E. Conway granted Norville's *in forma pauperis* status. In reviewing the complaint pursuant to 28 U.S.C. § 1915, Chief Judge John E. Conway dismissed Norville's claims for damages against Defendant Clark.

In his supplemental complaint, Norville alleges that while he was in custody at the Doña Ana County Detention Center (DACDC) he suffered serious injuries from a number of physical assaults, including at least one by Defendant Alvarez. Norville further alleges that "as a direct result of the Defendants'(Steele and Alvarez) negligence [he] became the victim of 'several violent assaults' and was eventually 'committed' to the New Mexico State Mental Hospital in Las Vegas." Pl.'s Supplemental Compl. at 1.

Norville filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Steele and Alvarez deprived him of his Eighth Amendment right against cruel and unusual punishment.[1] Norville was incarcerated at the DACDC on December 19, 1996, pursuant to an arrest warrant on counts of fraud and forgery and parole violation. Defs.' Exs. A and B. On December 21, 1996, the state magistrate judge denied Norville's bond on his parole violation. Defs.' Ex. C. On January 15, 1997, Norville was sentenced on misdemeanor charges to jail time in the DACDC.

Norville claims that, on May 15, 1997, Defendant Alvarez and "a dozen" officers and support personnel entered his single man cell in housing unit C-1 and "punched, kneed, kicked, and handcuffed him." Pl.'s Supplemental Compl. at 3. He further alleges that as a result of the attack he was transported to the Family Medical Center where he was treated for his injuries. *Id.*

Norville next alleges that on September 20, 1997, he was transported from the DACDC to

---

[1] On November 17, 1999, Norville filed a Motion for Leave to File an Amended Complaint and Join Additional Parties. Norville moved the Court to allow him to claim a violation of his Fourteenth Amendment right to due process. The Court denied Norville's motion because, under the facts alleged in his Supplemental Complaint, allowing him an opportunity to amend his complaint would have been futile. *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). This is so because "negligent acts by state officials are not actionable under the Due Process Clause." *Daniels v. Williams*, 474 U.S. 327, 330 (1986)(Due Process Clause not implicated by state official's negligent act causing unintended injury).

2

Memorial Medical Center (MMC) because he sustained a head injury at DACDC. *Id.* at 4. He alleges that because of the Defendants' negligence he now takes seizure medications. *Id.* In late September of 1997, Norville claims he was rushed to MMC because of a seizure.

Norville also alleges that in late October of 1997, he was physically attacked by 5-6 federal inmates. *Id.* He claims one of the federal inmates attacked him with a steel mop ringer. *Id.* Norville contends Defendants were negligent in housing state and federal prisoners in common housing units. *Id.*

On November 18, 1997, Norville alleges Dr. Felix Carrion found him incompetent to stand trial. *Id.* at 5. Norville claims this was a result of Defendants' negligence in allowing the "ongoing physical, emotional, and psychological abuse." *Id.*

In late December of 1997, Norville claims he was struck in the face by a federal inmate. *Id.* He claims Defendant Alvarez witnessed this incident yet he was removed from the housing unit for three weeks while the federal inmate was not. *Id.*

On January 23, 1998, Norville claims he was transported to the state mental hospital in Las Vegas as a result of the abuse he endured at the DACDC. *Id.* at 6. He claims he lost fifty pounds, aged considerably and suffered seizures while in custody at DACDC. *Id.* On May 1, 1998, Norville returned to the DACDC from the mental hospital. *Id.* Upon his return, Norville claims he "was unjustly 'housed' in the DACDC's 'violent cell'" for two weeks. *Id.* According to Norville, the violent cell has no running water or a toilet. *Id.* On July 8, 1998, the state district judge sentenced Norville to five and a half years in prison.

According to Defendants, on May 15, 1997, DACDC records indicate Defendant Alvarez verbally ordered Norville and another detainee to pack up their belongings because they had to

move to another day room. Defs.' Ex. G. Norville refused to move therefore the DACDC personnel had to physically remove him from his cell. *Id.* Physical force was used to move him. On May 19, 1997, Norville complained of pain in his wrist. Defs.' Ex. H. Norville was examined by the medical staff and diagnosed with a contusion of the left wrist and prescribed pain medication. *Id.*

According to Defendants, the September 20, 1997 incident occurred when Norville slipped on coffee spilled by another inmate. Defs.' Ex. I. Norville hit his head when he fell and was taken to MMC for treatment. *Id.* On September 21, 1997, Norville wrote Defendant Alvarez to complain about the incident, alleging the DACDC was negligent for not immediately cleaning up the coffee and threatened to file a lawsuit. *Id.*

As far as the October 1997 incident, Defendants claim Norville instigated the fight and severely beat another inmate. A third inmate attempted to stop Norville from hitting the inmate and hit him with a mop wringer. Defs.' Ex. L. Norville suffered no significant injury. *Id.* As punishment for instigating the fight, he was placed in a holding cell. Defs.' Ex. M.

Finally Defendants contend there is no evidence that Norville was treated at the state mental hospital on account of any injuries he received as a result of his incarceration at the DACDC.

## **II. Standard of Review**

This Court liberally construes *pro se* litigants' pleadings and holds them to a less stringent standard than required of those prepared by a lawyer. *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir. 1989). At the same time, the Court may not assume the role of advocate for the *pro se* litigant, and need not accept as true unsupported conclusory allegations. *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991).

A motion for summary judgment is appropriate only if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P.56(c). Summary judgment is proper when the pleadings, depositions, answers to interrogatories and admissions on file, as well as any affidavits "show that there is no genuine issue as to any material fact . . . " *Id.* When applying this standard, the Court examines the record and resolves all reasonable inferences in the light most favorable to the non-moving party. *Universal Money Centers v. AT&T*, 22 F.3d 1527, 1529 (10th Cir.), *cert. denied*, 513 U.S. 1052, 115 S.Ct. 655 (1994).

The movant bears the initial burden of establishing that no genuine issue exists as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608 (1970). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1355 (1986) (quoting *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1593 (1968)). The movant's initial burden may be discharged by showing there is an absence of evidence to support the non-moving party's case. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986). Once the movant meets its burden, the burden shifts to the non-moving party to present enough evidence to allow a reasonable jury to find for the non-moving party. *Orback v. Hewlett-Packard Co.,* 97 F.3d 429, 432 (10th Cir. 1996).

If the moving party satisfies its initial burden, the party opposing the motion for summary judgment may not rest upon mere allegations or denials in the pleadings, but must set forth

5

specific facts showing there is a genuine issue for trial as to a dispositive matter for which it carries the burden of proof. *Universal Money Centers,* 22 F.3d at 1529. It is not sufficient "to simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586, 106 S.Ct. at 1356. An issue of material fact is genuine if a reasonable jury could return a verdict for the party opposing the motion. *Universal Money Centers,* 22 F.3d at 1529. The mere existence of a scintilla of evidence in support of the plaintiff's position is insufficient to defeat a properly supported motion for summary judgment. *Id.*

### III. Discussion

The Eighth Amendment[2] requires prison officials to "provide humane conditions of confinement," which includes taking "reasonable measures to guarantee the safety of inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)(internal quotation marks and citation omitted). An inmate claiming that officials failed to prevent harm first "must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Then he must demonstrate that the official had a "'sufficiently culpable state of mind.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1993). That is, their acts or omission arose from "deliberate indifference to inmate health or safety." *Id.* "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety. *Id.* at 837. Deliberate indifference is a stringent standard of fault. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,

---

[2] In their motion for summary judgment, Defendants claim Norville may have been a pretrial detainee at the time of the alleged incidents. However, "[a]lthough the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)(internal citation omitted).

6

410 (1997). "A showing of simple or even heightened negligence will not suffice." *Id.* at 407. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not while no cause for commendation," will not satisfy the deliberate indifference standard of the Eighth Amendment. *Farmer*, 511 U.S. at 838.

In this case, even construing Norville's *pro se* complaint liberally and accepting the contentions in his complaint as true, he has failed to state a claim for violation of his Eighth Amendment rights. The facts set forth in Norville's complaint fail to allege that he was incarcerated under conditions that imposed a substantial risk of serious harm or that the prison officials knew of and disregarded an excessive risk to inmate health and safety. Norville claims Defendants were negligent. However, more than a showing of "simple or even heightened negligence" is required to maintain an Eighth Amendment violation. Moreover, the deliberate indifference test also requires that in order for a prison official to be liable under § 1983 the official must have been personally directly responsible for the occurrence of the Eight Amendment violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). "[S]upervisor status by itself is insufficient to support liability." *Id.* "Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim." *Id.* Norville failed to present any evidence showing any personal involvement of Defendant Steele. For the foregoing reasons, the Court recommends Defendants' motion for summary judgment be granted.

**RECOMMENDED DISPOSITION**

Defendants' Motion for Summary Judgment should be GRANTED.

---
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.